UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MAISA HIDER,**

Plaintiff,                                                                 Case No.

v.                                                                                Hon.

**EQUIFAX, INC., TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS,
COMENITY BANK, AND BREITLING U.S.A. INC.**

Defendants.

_____/

**COMPLAINT**

**NOW COMES** Maisa Hider ("Plaintiff"), by and through his undersigned attorneys, complaining of Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion"), Experian PLC ("Experian"), Breitling USA Company ("Breitling") and Comenity Capital Bank ("Comenity" or "Comenity Bank") (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in the Eastern District of Michigan and a substantial portion of the event or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff, Maisa Hider, a physician is a consumer and natural person over 18 years of age who, at all times relevant, resided in the Eastern District of Michigan.

5. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Michigan. Equifax maintains its principal place of business in Atlanta, Georgia.

6. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Michigan. TransUnion maintains its principal place of business in Chicago, Illinois.

7. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including the State of Michigan. Experian maintains its principal place of business in Costa Mesa, California.

8. Breitling U.S.A., Inc. is a world-renowned high-end producer of watches that are sold all over the world in retailer stores. Relevant to this Complaint, the Breitling store giving rise to this cause of action is located at the Somerset Mall, in Troy, Michigan.

9. Comenity Bank is a financial institution that provides propriety credit cards to consumers of various retail establishments. They offer credit whereby a consumer can 'buy now' and 'pay later.' They offer financing for consumers who wish to purchase Breitling watches. They are registered for business in Salt Lake City, Utah.

## FACTUAL ALLEGATIONS

10. In or around December of 2022, Plaintiff shopped at the Breitling store in Somerset Mail.

11. Eventually, Plaintiff elected to purchase a Breitling watch that would be financed through Comenity Bank. At the time of the purchase, Plaintiff had excellent credit, was approved instantly and she was advised by the Breitling saleswoman that her purchase was 'same as cash' for 36 months.

12. Unbeknownst to Plaintiff, after she left the store with her watch, a salesperson at Breitling having access to her credit information, apparently 'bought' a second Breitling watch and placed it under Plaintiff's credit account. This illicit action set forth events that would destroy Plaintiff's creditworthiness.

13. Plaintiff never authorized the transaction in paragraph 12 (hereinafter "subject transaction"), would NEVER authorize such a transaction and only knew about it when the January 2023 credit billing statement arrived to her home.

14. It is only when Plaintiff called Breitling and was given the run around did she realize that a Breitling salesperson defrauded her. A manager at Breitling advised he 'would take care of it' and that it would be removed from Plaintiff's credit profile.

15. Out of an abundance of caution and being protective of her credit, Plaintiff chose to make a minimum payment so that there would be no chance a late payment would report on her credit (even though Breitling assured 'it would be removed'). Plaintiff was advised that any payment towards the subject transaction would be applied to the watch she did purchase and authorize.

16. In February, Plaintiff saw that the subject transaction was not removed from her credit account. Once again she called and spoke to the salesperson and even the manager to inquire why the matter wasn't addressed.

17. The manager at Breitling advised that the salesperson who sold Plaintiff the watch was 'fired' and that next month the subject would be removed from her credit.

18. Plaintiff also chose to dispute the subject transaction with Comenity, Transunion, Equifax and Experian.

19. Rather than properly investigate the matter, all Defendants in Paragraph 18 chose to 'verify' the debt as valid to Plaintiff.

20. Plaintiff made multiple phone calls to Breitling and to Comenity Bank without success. Although both promised to 'remove' the subject transaction from her credit account they did not.

Finally, in or around May of 2023, Plaintiff frustrated became more forceful and through disputes with Comenity it appeared that the subject transaction was removed from her account history. Plaintiff believed the matter was closed and that her credit was restored accurately.

21. When Plaintiff's credit card statement from Comenity Bank arrived for May and June of 2023 she realized that somehow the subject transaction made it back onto her credit. However, this time she noticed that for June of 2023, it not only reflected as late but even the payments she made were not accounted for properly.

22. Plaintiff then began several text message exchanges with the salesperson and the manager at Breitling regarding the subject transaction and one response was 'sorry you are getting the run around.' Needless to say, her continued disputes related to the subject transaction with all of the Defendants were not successful.

23. By July of 2023, not only was the subject transaction on Plaintiff's credit history but it was now showing as past due more than 60 days and it did not reflect payment that were actually made.

24. During that same period of time, Plaintiff, a physician had just signed a lease and applied for a bank loan from Huntington Bank. She was going to use the loan to pay for and open up a medical office.

25. Plaintiff was declined credit from Huntington Bank as her credit score had dropped significantly and it was due to the recent, totally inaccurate and highly prejudicial reporting by Comenity Bank to Experian, Transunion and Equifax all related to the subject transaction.

26. Plaintiff tried again through Experian, Transunion, Equifax and directly to Breitling headquarters to rectify her credit, all to no avail.

27. Plaintiff's disputes explicitly requested that Equifax, TransUnion and Experian send Plaintiff's disputes to Comenity and to correct the subject account to reflect that she was in fact defrauded and even if she weren't the payment reported as late was never late.

28. To this date, Defendants continue to inaccurately and misleadingly report the subject account as derogatory and past due.

29. Equifax, Transunion, Comenity Bank and Experian failed to conduct a reasonable investigation into Plaintiff's credit dispute. Specifically, had Comenity Bank simply

contacted Breitling as requested, Plaintiff's version of events could have been verified, the matter rectified and Plaintiff's credit history could have been restored.

30. The reporting of the subject account related to a watch that Plaintiff didn't purchase is patently inaccurate and materially misleading as it misrepresents a larger balance than what is owed and status of the subject account as 'late' is totally incorrect.

31. Any reasonable investigation conducted by Defendants would have revealed the inaccuracy of the information on Plaintiff's consumer reports.

## PLAINTIFF'S DAMAGES

32. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, thus rendering Plaintiff a high-risk consumer.

33. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

34. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages, including specifically, out of pocket expenses, decreased credit score, time spent tracking the status of her disputes, time spent monitoring her credit

files, and mental and emotional pain and suffering. Plaintiff was terminated from a lease because she was unable to secure credit to perform the build out of the medical office as called for by the lease.

35. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Equifax, Transunion and Experian credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

**(Against Equifax, Experian and Transunion "the Credit Bureaus')**

36. Plaintiff restates and re-alleges the above paragraphs as though fully set forth herein.

37. The Credit Bureaus are a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

38. The Credit Bureaus are a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

39. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by § 1681a(d).

40. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

41. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."15 U.S.C. § 1681e(b).

42. The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

43. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

44. Plaintiff provided the Credit Bureaus (Transunion, Experian and Equifax) with all relevant information in her request for investigation to reflect that she is no longer liable for the subject account. Breitling claims they advised Comenity Bank that Plaintiff is not responsible for the subject account.

45. The Credit Bureaus prepared Plaintiff's credit reports containing inaccurate and materially misleading information by inaccurately reporting the subject account as "late" and in "collections" even though she was never late in payment, paying for a watch she didn't authorize just to preserve the integrity of her credit.

46. All Defendant Credit Bureaus violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff.

47. Upon information and belief, all Defendant Credit Bureaus prepared patently false and materially misleading consumer reports concerning Plaintiff.

48. All Defendant Credit Bureaus violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

49. All Defendant Credit Bureaus violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Comenity or alternatively for Comenity for failing to take action. Upon information and belief and in the alternative, Breitling also failed to include all relevant information to Comenity or the Credit Bureaus upon receiving notice of Plaintiff's dispute.

50. All Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

51. All Defendant Credit Bureaus violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

52. All Defendant Credit Bureaus violated 15 U.S.C. § 1681i(a)(5)(B) by reporting disputed information without a certification from Comenity that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

53. All Defendant Credit Bureaus violated 15 U.S.C. § 1681i(a)(6)(A) by failing to respond to Plaintiff's disputes since February of 2023.

54. All Defendants knew that the inaccurate reporting of the subject account in Plaintiff's credit files would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

55. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

56. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Defendants Equifax, Experian, Transunion and Comenity Bank readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

57. By deviating from the standards established by the credit reporting industry and the FCRA, Defendants Equifax, Experian, Transunion and Comenity Bank acted with a reckless disregard for its duties to report accurate and complete consumer credit information. They failed despite very specific objections reported by Plaintiff regarding the subject account.

58. It is Defendants Equifax, Experian, and Transunion regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

59. Defendants Equifax, Experian, and Transunion perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

60. Defendants Equifax, Experian, and Transunion acted reprehensively and carelessly by reporting and re-reporting the subject account after Plaintiff put them on notice that the subject account was not hers and it was certainly never paid late.

61. Defendants Equifax, Experian, and Transunion have exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

62. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, MAISA HIDER respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that the Credit Bureaus immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## **COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

(Against TransUnion, Equifax, Experian and Comenity Bank hereinafter and collectively "All Defendants")

63. Plaintiff restates and re-alleges the above paragraphs as though fully set forth herein.

64. All Defendants are a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

65. All Defendants are a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

66. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by § 1681a(d).

67. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

68. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

69. The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

70. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

71. Plaintiff provided All Defendants with all relevant information in her request for investigation to reflect that she had no remaining obligation on the subject account and that the subject account should be reporting accurately.

72. All Defendants prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as "open credit" and "paid late."

73. All Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff.

74. Upon information and belief, All Defendants prepared patently false and materially misleading consumer reports concerning Plaintiff.

75. All Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

76. All Defendants violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Comenity. Upon information and belief, Breitling also failed to include all relevant information as part of Plaintiff's dispute notice to All Defendants.

77. All Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

78. All Defendants violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

79. All Defendants violated 15 U.S.C. § 1681i(a)(5)(B) by reporting disputed information without certification from Comenity that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

80. All Defendants violated 15 U.S.C. § 1681i(a)(6)(A) by failing to respond to Plaintiff's dispute letters sent multiple times.

81. All Defendants knew that the inaccurate reporting of the subject account would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

82. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

83. Despite actual knowledge that Plaintiff's credit files contained erroneous information, All Defendants readily sold and disseminated Plaintiff's inaccurate and misleading

reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

84. By deviating from the standards established by the credit reporting industry and the FCRA, All Defendants acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

85. It is All Defendants regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

86. All Defendants perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

87. All Defendants acted reprehensively and carelessly by reporting and re-reporting the subject account after Plaintiff put them on notice that the subject account was never late and wasn't even hers to begin with.

88. All Defendants have exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

89. As stated above, Plaintiff was severely harmed by the conduct of All Defendants.

## **COUNT III – NEGLIGENCE**

(Breitling U.S.A., Inc.)

90. Plaintiff restates and re-alleges the above paragraphs as though fully set forth herein.

91. As provided for herein, Defendant Breitling U.S.A., Inc. owed Plaintiff duty to safeguard her information and prevent employees from stealing her identity.

92. Defendant Breitling U.S.A., Inc. owed Plaintiff a duty to take actions to inform Plaintiff of the security breach and to takes steps to inform its lender that Plaintiff's identity was stolen and that she only purchased 1 watch not 2.

93. Defendant Breitling U.S.A., Inc. owed Plaintiff a duty to ensure that the second watch would be removed from her credit and to inform its lender that Plaintiff didn't purchase the second watch and any reference on her credit to the second watch be removed.

94. As provided for herein, Defendant Breitling U.S.A., Inc. didn't take the necessary steps to have the second watch removed from her credit.

95. The aforementioned actions/and or inactions were all in violation of their duty which is the proximate cause of Plaintiff's damages.

**WHEREFORE**, Plaintiff, MAISA HIDER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that All Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*; and

g. Award any other relief as this Honorable Court deems just and appropriate.

    Respectfully Submitted,

    /s/ Mo Abdrabboh
    **MAF LAW, P.C.**
    Mo Abdrabboh (P61989)
    1360 Porter St. Suite 250
    Dearborn, MI 48124
Dated: November 17, 2023    (313) 483-9453